1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  TIMOTHY BERTRAM,                          CASE NO. 1:10-cv-00583-GBC PC

10              Plaintiff,                   ORDER FINDING CERTAIN CLAIMS
                                             COGNIZABLE AND DISMISSING CERTAIN
11      v.                                   CLAIMS

12  C. SIZELOVE, et al.,                     (Doc. 1)

13              Defendants.                  ORDER DENYING PLAINTIFF'S MOTION
                                             FOR A PRELIMINARY INJUNCTION
14
15  _____/          (Doc. 8)

16

17  **I.    Screening Requirement**

18          Plaintiff Timothy Bertram ("Plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint in this action was

20  filed on April 5, 2010.  (Doc. 1.)  On April 26, 2010, a motion for a preliminary injunction was filed,

21  due to prison officials at California State Prison ("CSP") Sacramento and CSP Lancaster withholding

22  his legal documents and other personal property.  (Doc. 8.)

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

27  monetary relief against a defendant who is immune from such relief."  28 U.S.C § 1915(e)(2)(B).

28          In determining whether a complaint states a claim, the Court looks to the pleading standard

1

1    under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

2    plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3    "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

4    demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

5    Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

6    (2007)).

7         Under section 1983, Plaintiff must demonstrate that each defendant personally participated

8    in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

9    the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.

10   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

11   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

12   between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting

13   Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

14   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129

15   S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

16   conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

17   **II.    Complaint Allegations**

18        Plaintiff is currently incarcerated at California Men's Colony in San Luis Obispo, California.

19   The incidents alleged in the complaint occurred while Plaintiff was housed at California Correctional

20   Institution in Tehachapi, California.  Plaintiff has a medical chrono to be assigned to a lower bunk

21   due to a seizure disorder.  (Doc. 1, Comp., p. 21.)

22        On July 4, 2009, Plaintiff was placed in administrative segregation.  After correctional

23   officers attempted to place him in a cell with inmate Inge who refused to cell with him because of

24   his medical condition, Plaintiff was taken to a holding cell.  Defendant Sizelove approached him and

25   said that if he was going to be a problem then Defendant would make sure that Plaintiff had nothing

26   but problems until the day he paroled.  (Id., ¶ 6.)

27        On July 6, 2009, Plaintiff told the psychiatric technician ("psych tech") that he needed to be

28   moved to a bottom bunk.  An unidentified correctional officer standing next to her told Plaintiff that

2

they were aware that he needed to be moved and were working on it, but that Plaintiff should not hold his breath. (Id., ¶ 7.) On July 9, 2009, Plaintiff asked Defendant Heinzler why he had to take a cold shower. Defendant Heinzler replied, "That[']s all I got for you," allegedly in retaliation for the housing issue. Approximately twenty minutes later, while receiving his medication from the psych tech, Plaintiff told Defendant Heinzler that he had a medical chrono and needed to be moved to a bottom bunk. Defendant Heinzler told Plainitff to submit a health care request and that he would look into the matter. Defendant Heinzlere asked the psych tech to verify the medical chrono. (Id., ¶ 8.) Later that same day, Plaintiff turned in a health care request to the psych tech and an unnamed correctional officer who was standing nearby said, "Oh! [You are] the inmate giving us problems about your housing." The correctional officer then stated "good luck" under his breath. (Id., ¶ 9.)

On July 14, 2009, at approximately 11:00 p.m., Plaintiff had a seizure and fell out of the top bunk, hitting his head and shoulder on the cement floor. (Id., ¶ 10.) Plaintiff was transported to Tehachapi Valley Healthcare Center where he was treated for a concussion and a bruised shoulder. (Id., ¶¶ 10, 13.) Plaintiff returned to the prison, was moved to the maximum security yard, and given a bottom bunk. (Id., ¶ 10.)

On July 16, 2009, Plaintiff received a copy of a rule violation report, written by Defendant Sizelove, falsely stating he refused to house with inmate Inge. (Id., ¶ 11.)

Plaintiff brings suit against Defendants C. Sizelove, J. Heinzler, and two unidentified correctional officers, in their official and individual capacities, for being deliberately indifferent to his health and safety in violation of the Eighth Amendment. (Id., ¶¶ 2-5.) He is seeking compensatory, nominal, and punitive damages. (Id., ¶¶ 17-21.)

**III.   Discussion**

   **A.   Eighth Amendment**

A prison official's failure to provide accommodations for a disabled inmate may constitute deliberate indifference to the inmate's safety in violation of the Eighth Amendment. Frost v. Agnos, 152 F.3d 1124, 1129; see also La Faut v. Smith, 834 F.2d 389, 393 (4th Cir. 1987) (prison officials ignored the basic needs of a handicapped individual and postponed addressing those needs out of

1   mere convenience or apathy); Johnson v. Hardin County, Kentucky, 908 F.2d 1280, 1284 (6th Cir.

2   1990) (denial of crutches and other accommodations for those who are mobility-impaired); Casey

3   v. Lewis, 834 F.Supp. 1569, 1580 ( D. Ariz. 1993) (physical accommodations necessary because of

4   disabilities); Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998) (allegation that officials denied

5   accommodation where a leg brace was required for walking). In Frost, La Faut, Bradley, and Casey,

6   the courts characterized the plaintiffs' failure to accommodate claim as a conditions of confinement

7   issue. In Johnson, the Court evaluated the plaintiff's accommodation claim as an inadequate medical

8   care issue. In any event, issues of inhumane conditions of confinement, failure to attend to medical

9   needs, failure to provide for an inmate's safety, or some combination thereof, are appropriately

10  scrutinized under the "deliberate indifference" standard. See Whitely v. Albers. 475 U.S. 312, 319

11  (1986)).

12          To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he

13  was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation

14  occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d

15  1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that

16  "prison officials were aware of a 'substantial risk of serious harm'" to an inmates health or safety

17  and that there was no "reasonable justification for the deprivation, in spite of that risk.." Id. (quoting

18  Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

19          Additionally, Plaintiff may not bring suit against Defendants in their official capacity. "The

20  Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and

21  state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144,

22  1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from

23  public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991).

24  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions

25  taken under color of state law." Id. at 25.

26              1.      **Failing to Provide Bottom Bunk**

27          Defendants were allegedly aware of Plaintiff's need to be assigned to a bottom bunk due to

28  his medical condition and failed to act, causing him to be harmed when he had a seizure and fell out

4

1    of his bunk.  This is sufficient to state a claim under the Eighth Amendment against Defendants C.

2    Sizelove, J. Heinzler, and two unidentified correctional officers.[1]

3          **2.    Cold Shower**

4          To the extent that Plaintiff attempts to allege a violation of the Eighth Amendment due to the

5    shower incident on July 9, 2009, a single incident fails to rise to the level of a constitutional

6    violation.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

7          **B.    First Amendment Retaliation**

8          Although Plaintiff does not bring suit alleging a violation of the First Amendment, he does

9    make several references that the actions of Defendants were in retaliation for his need to be placed

10   on a bottom bunk.  A viable claim of retaliation in violation of the First Amendment consists of five

11   elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because

12   of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

13   First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional

14   goal."  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  To the extent that Plaintiff may be

15   attempting to bring a retaliation claim, he fails to state a claim as he has not alleged any activity

16   protected under the First Amendment.

17         **C.    Motion for Preliminary Injunction**

18         Plaintiff requests an injunction requiring two boxes of his personal property be returned to

19   him.  The Prison Litigation Reform Act places limitations on injunctive relief.  Section

20   3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison

21   conditions shall extend no further than necessary to correct the violation of the Federal right of a

22   particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

23   the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

24   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

25   the Federal right."  18 U.S.C. § 3626(a)(1)(A).

26

27         [1]The inclusion of Doe defendants under these circumstances is permissible, as Plaintiff may amend the
     complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of Defendants is known
28   through discovery or other means.  Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold
     Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

Although Plaintiff alleges that his personal property has been withheld from him, Plaintiff's complaint does not state a cognizable claim arising out of the deprivation of the property. In the absence of a viable claim based on the deprivation of his property, Plaintiff may not seek an injunction mandating the return of the property. 18 U.S.C. § 3626(a)(1)(A); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3007 (U.S. Jun. 22, 2010) (No. 09-1561). Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

**IV.**     **Conclusion and Order**

The Court finds that Plaintiff's complaint gives rise to claims for relief against Defendants C. Sizelove, J. Heinzler, and two Doe correctional officers under the Eighth Amendment. The Court will, by separate order direct Plaintiff to submit USM 285 forms. However, the Court finds that Plaintiff fails to state a cognizable claim against Defendants regarding any other conditions of Plaintiff's confinement.

Further, the Court finds that Plaintiff has not stated a cognizable claim for injunctive relief. Accordingly, it is HEREBY ORDERED that:

1.      This action shall proceed on Plaintiff's complaint filed on April 5, 2010, against Defendants C. Sizelove, J. Heinzler under the Eighth Amendment;

2.      All other claims are dismissed, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted; and

3.      Plaintiff's motion for preliminary injunction, filed August 26, 2010, is DENIED.IT IS SO ORDERED.

Dated:   November 19, 2010

UNITED STATES MAGISTRATE JUDGE