# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM, | CASE NO.   1:10-cv-00583-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| v. | |
| J. HEINZLER, et al., | (ECF Nos. 26 & 27) |
| Defendants. | |

Plaintiff Timothy Bertram ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Pending before the Court are two pleadings requesting that a "supervising judge" review the Court's orders denying Plaintiff's motions for default. (ECF Nos. 26, 27, 23, & 25.)  Assuming that Plaintiff's term "supervising judge" refers to a district judge.  The Court notes that Plaintiff consented to Magistrate Judge jurisdiction; thus, no District Judge has been assigned. (ECF No. 6.)  In light of that fact, the Court deems Plaintiff's pleadings motions for reconsideration.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an

equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has offered no new evidence, nor has he cited any change in the controlling law. Plaintiff does not offer any new or different facts or circumstances. In fact, Plaintiff does not offer any argument as to why the Court's Order was wrong, other than his own opinion.

Because Plaintiff did not meet his burden as the party moving for reconsideration, his motions are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   July 1, 2011                                  _____
                                                        UNITED STATES MAGISTRATE JUDGE