1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM, | CASE NO.    1:10-cv-00583-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS |
| v. | (ECF Nos. 34, 37, & 38) |
| J. HEINZLER, et al., | |
| Defendants. | |
| _____/ | |

## ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Timothy Bertram ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Pending before the Court is a Motion for Reconsideration, filed August 1, 2011 and, a Motion for Addendum to Request for Review, filed August 1, 2011, stating that he would like to add the attached to his request for review.  (ECF Nos. 34 & 37.)  Also, pending is Plaintiff's third request for entry of default.  (ECF No. 38.)

**II.    MOTION FOR RECONSIDERATION AND ADDENDUM**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an

order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an

equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary

circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal

quotations marks and citation omitted).  The moving party "must demonstrate both injury

and circumstances beyond his control . . . ."  <u>Id.</u> (internal quotation marks and citation

omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new

or different facts or circumstances are claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion," and "why the

facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence,

committed clear error, or if there is an intervening change in the controlling law," and it

"may *not* be used to raise arguments or present evidence for the first time when they could

reasonably have been raised earlier in the litigation."  <u>Marlyn Nutraceuticals, Inc. v. Mucos</u>

<u>Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and

citations omitted) (emphasis in original).

Plaintiff states that the Court erred when it denied his Motions for Default.  (ECF

Nos. 23 & 25.)  Plaintiff has repeatedly requested that the Court reconsider its Order, all

of which have been denied.  (ECF Nos. 26, 27, 28, 30, & 32.)  As noted in the original

Order denying the requested default, there is a strong policy that cases should be decided

on their merits whenever possible.  <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d 1183,

1189 (9th Cir. 2007).  While, the Court *may* have been able to enter default against

Defendants in this action, that entry of default would most likely have been set aside upon

Defendants appearance and a showing of good cause.  Fed. R. Civ. P. 55(c).

Thus, again, Plaintiff has failed to meet his burden as the party moving for reconsideration.  Plaintiff has offered no new evidence, nor has he cited any change in the controlling law.  Plaintiff does not offer any new or different facts or circumstances.  Accordingly, his motion is HEREBY DENIED.

As Plaintiff's request for reconsideration is denied, Plaintiff's request to add to his request is moot.  Therefore, Plaintiff's Request is DENIED as MOOT.

## III.  MOTION FOR ENTRY OF DEFAULT

Plaintiff requests that the Court enter default against Defendants.  (ECF No. 38.)  Plaintiff states that Defendants were ordered by this Court to file an answer by August 1, 2011 and that they failed to do so.  (Id.)

On June 15, 2011, the Court ordered that Defendants file a responsive pleading within forty-five days of the date of that Order.  (ECF No. 23.)  A responsive filing from Defendants was due by August 1, 2011.  Defendants filed their Answer on August 1, 2011.  (ECF No. 33.)  Thus, they have answered and are not in default.  Accordingly, Plaintiff's Motion is DENIED.

## IV.  CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that:

1.      Plaintiff's Motion for Reconsideration is DENIED;

2.      Plaintiff's Motion for Addendum is DENIED as MOOT; and

3.      Plaintiff's Request for Entry of Default is DENIED.

IT IS SO ORDERED.

Dated:    September 2, 2011

_____
UNITED STATES MAGISTRATE JUDGE