# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM, | CASE NO. 1:10-cv-00583-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO QUASH, MOTION TO COMPEL, AND MOTION FOR SUBPOENA |
| v. | |
| C. SIZELOVE, et al., | Docs. 42, 51, 54 |
| Defendants. | |

## I. Procedural History

On April 5, 2010, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 22, 2010, the Court dismissed certain claims and found a cognizable Eighth Amendment claim for deliberate indifference to medical needs. Doc. 14. On August 2, 2011, the Court issued a discovery and scheduling order, establishing a discovery deadline of April 2, 2012 and a dispositive motion deadline of June 11, 2012. Doc. 36.

On August 17, 2011, Plaintiff filed a motion to quash subpoena. Doc. 42. On September 6, 2011, Defendants filed an opposition to Plaintiff's motion to quash subpoena. Doc. 44. On September 19, 2011, Plaintiff filed objections to Defendants' opposition. Doc. 47. On October 13, 2011, Plaintiff filed a motion to compel discovery from Defendants. Doc. 51. On October 31, 2011, Defendants filed an opposition to Plaintiff's motion to compel. Doc. 53. On November 16, 2011, Plaintiff filed a motion for subpoenas. Doc. 54.  This matter is deem submitted pursuant to Local Rule 230(l).

## II. Plaintiff's Motion to Quash Release of Medical Records

### A. Background

In his complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical condition; that they failed to provide him a bottom bunk; that on July 14, 2009, Plaintiff had a seizure and fell from his top bunk; and that he suffered from head, neck, and shoulder injuries. Pl.

Compl. at 5-8, Doc. 1. In response to Plaintiff's complaint, Defendants requested Plaintiff's medical records in discovery. Defs. Opp'n at 1, Doc. 44. Defendants requested medical records from July 4, 2009 to present. *Id.* Defendants did not request Plaintiff's mental or psychiatric records. *Id.* at 4. In response to Defendants request for records, the Litigation Department at California Mens Colony notified defense counsel that they were unable to comply with the request because Plaintiff objected to the production of his medical records. *Id.* at 2. On August 18, 2011, Defendants received correspondence from Plaintiff that their medical request was too broad and that it would divulge other medical issues that are not relevant to the litigation. *Id.*

In lieu of his complete medical records, Plaintiff provided six sheets of paper from his medical records, indicating that these are the only medical records relevant to the litigation. *Id.* Defendants list the records as: (1) Health Care Services Request form dated 4/6/09 - appears to include only includes Plaintiff's handwriting regarding his allegation of seizures and a lower bunk chrono; (2) Comprehensive Accommodation Chrono dated 03/05/09 - appears to indicate Plaintiff needs a bottom bunk; (3) Physician's Order - appears to include entries for 06/09/09 and 07/15/09, states only that Inmate was sent to hospital; (4) Interdisciplinary Progress Notes dated the 14th day of 2009, month is illegible, but would likely be July as the "Notes" appear to describe treatment after Plaintiff's alleged fall; (5) Physician's Order - appears to include entries for 07/15/09 and 07/21/09; (6) Aftercare Instructions from Tehachapi Valley Healthcare District dated 07/15/09. *Id.*

Plaintiff moves to quash the subpoena for medical records issued by Defendants. Pl. Mot. Quash, Doc. 42. Plaintiff alleges the request is too broad and would violate his civil rights under Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *Id.* at 1-2. Plaintiff agrees only to release the medical records from one (1) day before the incident and eleven (11) days after the incident. *Id.* Plaintiff also wants unrelated issues redacted from the records. *Id.* In Plaintiff's motion to quash, he includes four (4) of the records that Defendants' referenced Plaintiff providing in his response. *Id.* at 3-7.

In Plaintiff's objections to Defendants' opposition, Plaintiff contends that he only needs to show that an actual physical injury occurred in order to prevail under the Prison Litigation Reform Act ("PLRA"). Pl. Obj. at 1, Doc. 47. Plaintiff states that he provided the lower bunk chrono; that

it is obvious that he had a medical need; that Defendants were deliberately indifferent to his medical need; and that no further medical explanation is necessary. *Id.* at 1-2. Plaintiff states that he is not contending that he suffered any lasting injury, so any records outside of the date of his alleged injury and any records regarding the extent of his alleged injury are not relevant. *Id.* at 2. Plaintiff concludes that whether he had a major or minor injury is not relevant to his lawsuit. *Id.* at 3.

## B. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

In this case the question of whether Defendants should obtain access to Plaintiff's medical records depends upon whether the confidentiality of these records has been waived by putting the privileged information "at issue." *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 625-626 (S.D. Cal. 1999), *modified on other grounds*, 196 F.R.D. 562 (S.D. Cal.1999) (citing *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D. Mass. 1997)) (finding waiver of psychotherapist-patient privilege if communication between the two is put at issue by the patient, for example, where the case of action relies on advice or findings of the psychotherapist. Under this measure of fairness, waiver prevents the privilege from being used as both a sword and a shield). *Id.* at 229-30. HIPAA allows health care providers to disclose medical records in response to a court order. *See* 45 C.F.R. § 164.512(e)(1).

With respect to Plaintiff's constitutional privacy claim, there is no question that Plaintiff's medical condition around the time of trial is relevant to claims raised in his petition. By making these claims, Plaintiff waived his privacy rights in his medical records. *See Barnes v. Glennon*, 2006 WL 2811821, at *4 (N.D. N.Y. Sept. 28, 2006) ("Although the release of the medical records was not pursuant to a discovery order or by consent, the release, nevertheless, did not violate Plaintiff's constitutional right to privacy since medical conditions were at the heart of the argument presented by Plaintiff in his habeas corpus petition...."); *Woods v. Goord*, 2002 WL 731691, at *11 (S.D. N.Y. Apr. 23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation

does not violate any right of the inmate when he has filed suit against prison officials.") (citing *Gill v. Gilder*, 1997 WL 419983, at *2 (S.D. N.Y. July 28, 1997)); *Ferrell v. Glen-Gery Brick*, 678 F. Supp. 111, 112-13 (E.D. Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy right is waived").

Because the requested documents are relevant to this action, they must be produced unless they are privileged. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff has waived the privilege, at least according to state law, by placing his medical records at issue in this case. *See In re Lifschutz*, 2 Cal.3d 415, 433–34 (1970) (under California law, the patient-physician privilege is waived where the patient's specific medical condition is placed into issue by the patient). Under federal law, the privilege may be waived when the patient files a lawsuit that places the content of the privileged communications in issue. *See Sarko v. Penn–Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997); *Vann v. Lone Star Steakhouse & Saloon, Inc.*, 967 F. Supp. 346, 349–50 (C.D. Ill. 1997); *cf. Home Indem. Corp. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (applying waiver to the attorney-client privilege).

Privacy rights in medical records are neither fundamental nor absolute. *Whalen v. Roe*, 429 U.S. 589, 603-604 (1977). The holder of a privacy right can waive it through a variety of acts, including by written authorization or instituting a lawsuit. *Id.* Moreover, where an individual institutes a law suit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection, during discovery. *See Williams v. Baron*, 2007 WL 433120, at *1 (E.D. Cal. Feb. 5, 2007).

As a general rule, HIPAA prohibits disclosure of private medical data. "Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section." 45 C.F.R. 164.508(a). However, 45 C.F.R. 164.508 permits disclosure in certain circumstances including when it is allowed under 45 C.F.R. 164.512. Subdivision (e) of this latter section permits disclosure of the records in judicial proceedings if ordered by the court, or in response to a subpoena if the agency is assured that the subpoenaing party has made reasonable efforts to obtain a release. 45 C.F.R. 164.512(e). "Reasonable efforts" are shown when the subpoena allows time for objections and none

were made before the expiration of the time allowed. 45 C.F.R. 164.512(e)(1)(ii), (iii). Here, the subpoena is governed by Federal Rules of Civil Procedure 45, which permitted objection to the subpoena by Plaintiff in the form of a motion to quash and/or motion for protective order.

### C. Analysis

Plaintiff filed a motion to quash, but the Court finds that Plaintiff has waived his right to privacy by initiating this lawsuit and placing his medical records at issue. Thus, the Court finds that HIPAA permits disclosure of the subpoenaed records in this instance and that Plaintiff's objection is not well-founded. In the instant action, Plaintiff alleges claims of deliberate indifference to serious medical needs, alleging Defendants failed to provide adequate medical care. Accordingly, Plaintiff has placed his medical records at issue, thereby waiving his privacy interest in the records. Moreover, Defendants did not request Plaintiff's mental health records. The Court agrees with Defendants that because Plaintiff's complaint asserts an Eighth Amendment violation premised on Defendants' deliberate indifference to Plaintiff's serious medical needs, his medical records are directly relevant to the action. *Seaton v. Mayberg*, 610 F.3d 530, 537 (9th Cir. 2010); (clarifying that the Supreme Court has not established a constitutional right to privacy in medical records); *see also Thomas v. Carrasco*, 2010 WL 4024930 at *3-4 (E.D. Cal. Oct. 13, 2010) (determining, in line with several other district courts, that the right of privacy of medical records is waived when the plaintiff's medical condition is "at issue").

### III. Plaintiff's Motion to Compel and Motion for Subpoenas of Non-Party Individuals

Plaintiff moves to compel discovery responses from Defendants. Doc. 51. However, Defendants cannot provide responses without Plaintiff's release of records. Defs. Resp. at 1, Doc. 44. Therefore, Defendants cannot provide responses to discovery without Plaintiff's cooperation.

Finally, Plaintiff moves for subpoenas from five (5) nonparty individuals. Doc. 54. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the

production of documents or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends.

In Plaintiff's motion for subpoena, Plaintiff does not write the names, occupation titles, or state why he needs to subpoena these five (5) nonparty individuals. The Court will not issue blank subpoenas, and the Court will not issue subpoenas for individuals without Plaintiff first following the procedure outlined above.

### IV. Conclusion

Accordingly, it is HEREBY ORDERED that:

**1.**  Plaintiff's motion to quash is DENIED;

**2.**  Plaintiff's motion to compel is DENIED;

**3.**  Plaintiff's motion for subpoenas is DENIED;

**4.**  Plaintiff shall execute a release of medical records within fifteen (15) days of service of this order; and

**5.**  Plaintiff is cautioned that a failure to comply with this order may result in dismissal pursuant to Rules 37(b) or 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   January 30, 2012

UNITED STATES MAGISTRATE JUDGE