# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM,<br><br>　　　Plaintiff,<br><br>v.<br><br>C. SIZELOVE, et al.,<br><br>　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00583-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DISMISS DOE DEFENDANTS<br><br>Docs. 56, 58 |

**Findings and Recommendations**

**I. Procedural History**

On April 5, 2010, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 22, 2010, the Court dismissed certain claims and found a cognizable claims against Defendants C. Sizelove and J. Heinzler and two Doe Defendants ("Defendants") for Eighth Amendment deliberate indifference to medical needs. Doc. 13. The Court dismissed, with prejudice, Plaintiff's claims of receiving a cold shower; First Amendment retaliation; and return of personal property. *Id.* On August 2, 2011, the Court issued a discovery and scheduling order, establishing a deadline of February 2, 2012 to amend pleadings, a discovery deadline of April 2, 2012, and a dispositive motion deadline of June 11, 2012. Doc. 36.

On February 6, 2012, Plaintiff filed a motion for extension of time to amend pleadings. Doc. 56. On February 15, 2012, Plaintiff filed a proposed first amended complaint. Doc. 58. On March 19, 2012, Defendants filed an opposition to Plaintiff's motion to amend pleadings. Doc. 62. On March 30, 2012, Plaintiff filed a reply to Defendants' opposition. Doc. 65.

**II. Motion to Amend Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, Plaintiff may not file a first amended complaint without leave of court. Fed. R. Civ. P. 15(a). Rule 15 provides that "courts should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Public policy strongly encourages courts to permit amendments and the policy favoring leave to amend is applied with extreme liberality. *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *In re Korean Airlines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011) (citing *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Waldrip*, 548 F.3d at 732; *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052.

It is well-established that the Court may deny leave to amend if amendment would be futile. *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011); *Serra v. Lapin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *Gardner v. Martino*, 563 F.3d 981, 990-92 (9th Cir. 2009); *Deveraturda v. Globe Aviation Security Services*, 454 F.3d 1043, 1046 (9th Cir. 2006); *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991). Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended

pleading. *Nordyke*, 644 F.3d at 788 n.12 (*citing Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) and *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009)).

### III. Plaintiff's Proposed First Amended Complaint

### A. Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

//

### B. Allegations in Plaintiff's Proposed First Amended Complaint

In Plaintiff's proposed amended complaint, Plaintiff states these actions occurred at California Correctional Institution Tehachapi, California. Prop. Am. Compl. at 1, Doc. 58.[1] Plaintiff seeks to add defendants "Records Officer" of July 7, 2009; M. Hetzel; H. Sherwood; R. Timonen; A. Large; J. Wood; and an unnamed correctional officer. *Id.* at 2-3, 6.

Plaintiff alleges that he has a long standing medical condition requiring him to be housed in a lower bunk. *Id.* at 3. Plaintiff signed a form for double housing but explained to staff that he required a low bunk due to medical conditions. *Id.* at 3-4. Plaintiff alleges H. Sherwood, M. Hetzel, and R. Timonen knew Plaintiff's medical condition. *Id.* at 4. Defendant Sizelove threatened Plaintiff and said he would make sure Plaintiff has nothing but problems until he is paroled. *Id.* This was a threat of retaliation. *Id.* Defendant Sizelove reviewed Plaintiff's Central File ("C-File"), so he knew Plaintiff's medical chronos and medical conditions. *Id.* at 5, 9. The information in Plaintiff's C-File was reviewed by Sherwood, Hetzel, and Timonen. *Id.* at 5. Defendant Sizelove admitted to reviewing the files and taking over Plaintiff's housing placement. *Id.* at 5, 9.

On July 6, 2009, the psych tech or LVN issued Plaintiff his seizure medication. *Id.* at 5. Plaintiff explained to the psych tech / LVN that he needed to be moved to a lower bunk because he was at risk of serious injury by falling from the top bunk to the cement floor. *Id.* at 5-6. An unnamed correctional officer walked away after giving Plaintiff his medication, and he did not make a comment as to if Plaintiff was going to be assigned a lower bunk. *Id.* at 6.

On July 7, 2009, Plaintiff went to take a shower and the water was cold. Defendant Heinzler snickered and said, "that is all I have for you." *Id.* at 6. No hot water and Defendant Heinzler's statement was a retaliatory act. *Id.*

Plaintiff explained to Defendant Heinzler that he needed to be moved to a lower bunk because he has a seizure disorder and was at risk for being seriously injured by remaining assigned to the upper bunk. *Id.* at 7. Defendant Heinzler asked if Plaintiff had a chrono for a low bunk. *Id.* Plaintiff said his chrono was in his property at the receiving and release office. *Id.* Defendant

---

[1] Plaintiff is now incarcerated at California Men's Colony, San Luis Obispo. *Id.*

Heinzler told Plaintiff to submit a health care request form. *Id.* Defendant Heinzler said he would personally look into the matter. *Id.*

Plaintiff was talking to the psych tech / LVN regarding being moved to a lower bunk, and J. Wood said in a threatening voice, "Oh, you're the inmate giving us problems about your housing" and "good luck with that." *Id.* Defendant Sizelove instructed the officers to threaten and retaliate against Plaintiff. *Id.* at 8.

On July 14, 2009, Plaintiff went into a seizure while he was sleeping and fell from his top bunk onto the cement floor. *Id.* at 8. When Plaintiff woke up from his seizure, it was clear his head hit hard on the concrete floor, as his shoulder was causing him severe pain. *Id.* Plaintiff was transported to Tehachapi Valley emergency room where he was treated for his injuries. *Id.* The ER doctor noted a large lump on Plaintiff's forehead and weakness. *Id.* Plaintiff was finally able to have a lower bunk, but it was a higher security unit. *Id.*

On July 16, 2009, Defendant Sizelove delivered a rules violation report ("RVR") dated July 7, 2009, to Plaintiff for refusing a cellmate. *Id.* at 9. The RVR was retaliatory towards Plaintiff. *Id.* Plaintiff filed a staff complaint and an appeal of the RVR. *Id.* at 10. Lt. Valdez interviewed Plaintiff regarding the appeals and Valdez indicated that he had only interviewed correctional officer A. Large. *Id.* A. Large was assigned to the housing unit during these events; had the opportunity to express to Lt. Valdez the truth of what occurred regarding assigning Plaintiff to a top bunk and putting him at risk of serious injury; but A. Large disregarded the risk. *Id.* The unknown records officer of July 7, 2009 removed the form stating Plaintiff was housed on the top bunk. *Id.* at 12.

Prior to this incident, Plaintiff had conversed with Sgt. Watson and Correctional Officer Perez regarding Plaintiff's need for a low bunk due to medical needs, and they said a low bunk was unavailable due to prison overcrowding. *Id.* Plaintiff initially refused his cell housing due to the risk. *Id.* at 13.

Plaintiff requests injunctive relief to prevent Defendants from disregarding his medical needs; from threatening; and from retaliating against him. *Id.* Plaintiff requests $40,000 in damages and $120,000 in punitive damages. *Id.*

//

**C. Legal Standard and Analysis for Plaintiff's Claims in Proposed Amended Complaint**

**1. Eighth Amendment Deliberate Indifference to Serious Medical Need**

**a. Legal Standard**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th


Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**b. Analysis**

Plaintiff's motion to amend is futile as Plaintiff fails to state a cognizable Eighth Amendment claim against the new defendants he seeks to add.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or

difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Plaintiff alleges H. Sherwood, M. Hetzel, and R. Timonen knew Plaintiff's medical condition. Prop. Am. Compl. at 4, Doc. 58. Such a conclusory allegation, with no supporting facts, is insufficient to state a claim for Eighth Amendment deliberate indifference. Plaintiff alleges Hetzel and Timonen reviewed his C-File. *Id.* at 5. A. Large was assigned to the housing unit during these events; had the opportunity to express to Lt. Valdez the truth of what occurred regarding assigning Plaintiff to a top bunk and putting him at risk of serious injury; but A. Large disregarded the risk. *Id.* at 10. Plaintiff explained to the psych tech / LVN dispensing his seizure medication that he needed to be moved to a lower bunk because he was at risk of serious injury by falling from the top bunk to the cement floor. *Id.* at 5-6. A unnamed correctional officer walked away after giving Plaintiff his medication, and he did not make a comment as to if Plaintiff was going to be assigned a lower bunk. *Id.* at 6. Again, these conclusory allegations do not demonstrate that Hetzel, Timonen,

A. Large, and an unnamed correctional officer were *actually aware* of his alleged medical condition. Thus, even with liberal construction, Plaintiff's proposed amended complaint to add additional defendants does not allege deliberate indifference to a serious medical need because that high standard requires that the defendants actually *knew of and acted in conscious disregard* of a known serious risk.

Moreover, Plaintiff's allegation that J. Wood threatened him is also insufficient to state a claim for Eighth Amendment deliberate indifference. Mere verbal harassment or abuse alone is not sufficient to state a claim under § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Thus, it would be futile to grant Plaintiff's motion to amend and add additional defendants, as his proposed amended complaint fails to state a claim against the new defendants.

### 2. First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,

880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

First, the Court already dismissed Plaintiff's claims of retaliation, with prejudice. Doc. 13. Second, Plaintiff still fails to state a claim for retaliation. Plaintiff alleges Defendants retaliated against him, but Plaintiff fails to allege he was engaged in protected conduct; that such action chilled the exercise of his First Amendment rights; and that the action did not reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegations of retaliation fail to state a claim. Thus, the Court already dismissed Plaintiff's claims of retaliation, with prejudice; Plaintiff still fails to state a claim for retaliation; and amendment would be futile.

### 3. Cold Shower

To the extent that Plaintiff attempts to allege a violation of the Eighth Amendment due to the shower incident on July 7, 2009, a single incident fails to rise to the level of a constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Moreover, the Court already dismissed Plaintiff's claims of a cold shower, with prejudice; Plaintiff still fails to state a claim for a cold shower; and amendment would be futile.

### 4. Violation of State Prison Rules and Regulations

Plaintiff alleges various violations of state prison rules and regulations. Those violations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under § 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934.

//

### 5. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### 6. Records in Plaintiff's Central File

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318-19 (9th Cir. 1987); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff alleges that the unknown records officer of July 7, 2009 removed the form stating Plaintiff was housed on the top bunk. Prop. Am. Compl. at 12, Doc. 58. However, there is no due process right to an accurate prison central file.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon records in his central file.

//
//
//

### 7. Doe Defendants

In Plaintiff's original complaint, the Court found cognizable claims against two Doe Defendants. Doc. 13. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In Plaintiff's proposed amended complaint, Plaintiff identifies one of the Doe Defendants as J. Wood. Prop. Am. Compl. at 7, Doc. 58. In Plaintiff's proposed amended complaint, Plaintiff alleges J. Wood threatened him, which is not a cognizable claim. *Oltarzewski*, 830 F.2d at 139; *Gaut*, 810 F.2d at 925. Moreover, Plaintiff does not state a claim against the other Doe Defendant, an unnamed correctional officer, who Plaintiff alleges made no comment while Plaintiff received his medication, and who Plaintiff still does not identify. Prop. Am. Compl. at 6. Plaintiff's allegations against the unnamed officer are insufficient to show deliberate indifference. *See Estelle*, 429 U.S. at 105-06; *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Finally, Plaintiff seeks to add the unknown records officer of July 7, 2009, who allegedly removed the form stating Plaintiff was housed on the top bunk. Prop. Am. Compl. at 6. Again, Plaintiff does not state a claim against the unknown records officer because he has no due process right to an accurate prison central file. *See Hernandez*, 833 F.2d at 1318-19; *see also Johnson*, 110 F.3d at 308-09 & n.13.

Therefore, in Plaintiff's proposed amended complaint, he does not state a claim against any of the Doe Defendants, and the Doe Defendants should be dismissed from this action.

### IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend his complaint be DENIED, as futile, for failure to state a claim against Doe Defendants and proposed new additional Defendants; and

2. Doe Defendants be DISMISSED from this action, with prejudice, for failure to state a claim.

//
//
//
//

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 10, 2012

UNITED STATES MAGISTRATE JUDGE