1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM, | CASE NO. 1:10-cv-00583-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR IN CAMERA REVIEW, MOTION TO EXTEND DISCOVERY DEADLINE, AND MOTION FOR SUBPOENAS |
| v. | Docs. 59, 61, 63, 64, 66 |
| C. SIZELOVE, et al., | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, IN PART, AND DIRECTING DEFENDANTS TO SUPPLEMENT THEIR RESPONSES TO PLAINTIFF'S ORIGINAL DISCOVERY REQUESTS FROM AUGUST 2011 |
| Defendants. | |
| _____ / | Doc. 68 |

## I. Procedural History

On April 5, 2010, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical condition; that they failed to provide him a bottom bunk; that on July 14, 2009, Plaintiff had a seizure and fell from his top bunk; and that he suffered from head, neck, and shoulder injuries. Pl. Compl. at 5-8, Doc. 1. On November 22, 2010, the Court dismissed certain claims and found a cognizable claims against Defendants C. Sizelove and J. Heinzler and two Doe Defendants ("Defendants") for Eighth Amendment deliberate indifference to medical needs. Doc. 13. On August 2, 2011, the Court issued a discovery and

1  scheduling order, establishing a deadline of February 2, 2012 to amend pleadings, a discovery
2  deadline of April 2, 2012, and a dispositive motion deadline of June 11, 2012. Doc. 36.

3        On February 6, 2012, Plaintiff filed a Motion for Extension of Time to Amend Pleadings.
4  Doc. 56. On February 15, 2012, Plaintiff filed a Proposed First Amended Complaint. Doc. 58. On
5  February 23, 2012, Plaintiff filed a motion for in camera review of an inmate appeal. Doc. 59. On
6  March 14, 2012, Plaintiff filed a motion to extend discovery deadline. Doc. 61. On March 19, 2012,
7  Defendants filed an opposition to Plaintiff's motion to amend pleadings, motion to extend discovery
8  deadline, and motion for in camera review. Doc. 62. On March 23, 2012, Plaintiff filed a second
9  motion to extend discovery deadline. Doc. 63. On March 21, 2012, Plaintiff filed a motion for
10 subpoenas. Doc. 64. On March 30, 2012, Plaintiff filed a reply to Defendants' opposition to
11 Plaintiff's motion to amend pleadings, motion to extend discovery deadline, and motion for in
12 camera review. Doc. 65. On March 30, 2012, Plaintiff filed a motion for court intervention and
13 request for subpoenas. Doc. 66. On April 11, 2012, the undersigned issued findings and
14 recommendations to deny Plaintiff's motion to amend his complaint and to dismiss the Doe
15 Defendants. Doc. 67. On April 23, 2012, Plaintiff filed a motion to compel. Doc. 68. On May 7,
16 2012, Plaintiff filed objections to the findings and recommendations. Doc. 69. On May 8, 2012,
17 Defendants filed an opposition to Plaintiff's motion to compel. Doc. 70. On May 25, 2012, Plaintiff
18 filed a reply to Defendants' opposition. Doc. 71. This matter is deem submitted pursuant to Local
19 Rule 230(l).

20            **II**. **Motion for In Camera Review**

21        Plaintiff moves for an in camera review of one of his inmate appeals. Doc. 59. Plaintiff does
22 not submit the inmate appeal, so it appears to the Court that Plaintiff seeks discovery of his inmate
23 appeal. A motion for in camera review is not the proper procedure to obtain a copy of an inmate
24 appeal. Plaintiff's motion is DENIED.
25 //
26 //
27 //
28 //

1

### III. **Motion to Extend Discovery Deadline**

2   Plaintiff moves to extend the discovery deadline now that additional defendants have been

3   identified and to "ascertain his position in this case." Docs. 61, 63. The undersigned has issued

4   findings and recommendations to deny Plaintiff's motion to amend his complaint and to dismiss the

5   Doe Defendants. Doc. 67. Given that resolution of the pending findings and recommendations may

6   render any need for further discovery as unnecessary, Plaintiff's motion to extend the discovery

7   deadline is DENIED, without prejudice.[1]

8

### IV. **Plaintiff's Motion to Compel**

9   Plaintiff moves to compel discovery responses from Defendants. Doc. 68. Defendants did

10  not respond to the merits of Plaintiff's motion but simply argued that it was untimely. Doc. 70.

11  However, Plaintiff contends that he has never received complete and supplemental responses to his

12  original discovery requests from August 2011. Mot. Compel at 3-4, Doc. 68. Defendants did not

13  respond to this argument. Thus, the Court has no record that Defendants supplemented their

14  discovery responses after Plaintiff signed a release of his records.

15  
16  
17  
18  

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

19  Fed. R. Civ. P. 26(e)(A). Plaintiff's initial discovery requests in August 2011 were timely, and after

20  Plaintiff signed a release of his records in February 2012, defense counsel was able, and had a duty,

21  to supplement the discovery. As for Plaintiff's requests submitted February 28, 2012, these were sent

22  after the deadline for discovery requests had passed.[2] The Court will not grant Plaintiff's motion to

23  compel untimely discovery. Accordingly, Plaintiff's motion to compel discovery is GRANTED, in

24  part, as to Plaintiff's original requests from August 2011.

25  

26  [1] Should the District Judge decline to adopt the findings and recommendations, the Court will issue an amended scheduling order to enable Plaintiff to engage in further discovery.

27  

28  [2] Pursuant to the scheduling order, discovery requests must be served at least forty-five (45) days prior to the discovery deadline. Doc. 36. Since the discovery deadline was April 2, 2012, Plaintiff had to serve Defendants with discovery requests by February 17, 2012.

## V. Plaintiff's Motion for Subpoenas of Non-Party Individuals

Finally, Plaintiff moves for subpoenas from non-party individuals. Docs. 64, 66.

> [T]he court's authorization of a subpoena duces tecum requested by
> an in forma pauperis plaintiff is subject to limitations. Because
> personal service of a subpoena duces tecum is required, Federal Rule
> of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend
> its resources personally serving a subpoena is not taken lightly by the
> court," *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12,
> 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the
> information sought as well as the burden and expense to the non-party
> in providing the requested information. Fed. R. Civ. P. 26, 45. A
> motion for issuance of a subpoena duces tecum should be supported
> by clear identification of the documents sought and a showing that the
> records are obtainable only through the identified third party. *See,
> e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010);
> *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. May 11, 2010).
> The "Federal Rules of Civil Procedure were not intended to burden
> a non-party with a duty to suffer excessive or unusual expenses in
> order to comply with a subpoena duces tecum." *Badman v. Stark*, 139
> F.R.D. 601, 605 (M.D. Pa. Aug. 2, 1991); *see also United States v.
> Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982)
> (court may award costs of compliance with subpoena to non-party).
> Non-parties are "entitled to have the benefit of this Court's vigilance"
> in considering these factors. *Badman*, 139 F.R.D. at 605. *Alexander
> v. California Dept. of Corrections*, 2010 WL 5114931 * 3 (E.D. Cal.
> Dec. 9, 2010).

*Lopez v. Schwarzenegger*, 2012 WL 78377, at *6 (E.D. Cal. Jan. 10, 2012). Plaintiff contends the

Defendants have failed to respond to requests for discovery and do not have custody and control of

the requested documents. Within this Order, the Court is directing Defendants to supplement their

responses to Plaintiff's original discovery requests from August 2011, which would render it

unnecessary to subpoena non-party individuals. Therefore, Plaintiff's motion for subpoenas of non-

parties is DENIED.

//

//

//

//

//

//

//

//

**VI. Conclusion**

Accordingly, it is HEREBY ORDERED that:

**1.**     Plaintiff's motion for in camera review is DENIED;

**2.**     Plaintiff's motion to extend discovery deadline is DENIED, without prejudice;

**3.**     Plaintiff's motion to compel is GRANTED, in part, as to Plaintiff's original requests from August 2011;

**4.**     Defendants are DIRECTED to supplement their responses to Plaintiff's original discovery requests from August 2011; and

**5.**     Plaintiff's motion for subpoenas of non-party individuals is DENIED.

IT IS SO ORDERED.

Dated:     June 8, 2012

UNITED STATES MAGISTRATE JUDGE