# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM,<br><br>Plaintiff,<br><br>v.<br><br>C. SIZELOVE, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:10-cv-00583-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR IN CAMERA REVIEW, MOTION TO EXTEND DISCOVERY DEADLINE, AND MOTION FOR SUBPOENAS<br><br>Docs. 59, 61, 63, 64, 66<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, IN PART, AND DIRECTING DEFENDANTS TO SUPPLEMENT THEIR RESPONSES TO PLAINTIFF'S ORIGINAL DISCOVERY REQUESTS FROM AUGUST 2011<br><br>Doc. 68 |

**I. Procedural History**

On April 5, 2010, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical condition; that they failed to provide him a bottom bunk; that on July 14, 2009, Plaintiff had a seizure and fell from his top bunk; and that he suffered from head, neck, and shoulder injuries. Pl. Compl. at 5-8, Doc. 1. On November 22, 2010, the Court dismissed certain claims and found a cognizable claims against Defendants C. Sizelove and J. Heinzler and two Doe Defendants ("Defendants") for Eighth Amendment deliberate indifference to medical needs. Doc. 13. On August 2, 2011, the Court issued a discovery and

scheduling order, establishing a deadline of February 2, 2012 to amend pleadings, a discovery deadline of April 2, 2012, and a dispositive motion deadline of June 11, 2012. Doc. 36.

On February 6, 2012, Plaintiff filed a Motion for Extension of Time to Amend Pleadings. Doc. 56. On February 15, 2012, Plaintiff filed a Proposed First Amended Complaint. Doc. 58. On February 23, 2012, Plaintiff filed a motion for in camera review of an inmate appeal. Doc. 59. On March 14, 2012, Plaintiff filed a motion to extend discovery deadline. Doc. 61. On March 19, 2012, Defendants filed an opposition to Plaintiff's motion to amend pleadings, motion to extend discovery deadline, and motion for in camera review. Doc. 62. On March 23, 2012, Plaintiff filed a second motion to extend discovery deadline. Doc. 63. On March 21, 2012, Plaintiff filed a motion for subpoenas. Doc. 64. On March 30, 2012, Plaintiff filed a reply to Defendants' opposition to Plaintiff's motion to amend pleadings, motion to extend discovery deadline, and motion for in camera review. Doc. 65. On March 30, 2012, Plaintiff filed a motion for court intervention and request for subpoenas. Doc. 66. On April 11, 2012, the undersigned issued findings and recommendations to deny Plaintiff's motion to amend his complaint and to dismiss the Doe Defendants. Doc. 67. On April 23, 2012, Plaintiff filed a motion to compel. Doc. 68. On May 7, 2012, Plaintiff filed objections to the findings and recommendations. Doc. 69. On May 8, 2012, Defendants filed an opposition to Plaintiff's motion to compel. Doc. 70. On May 25, 2012, Plaintiff filed a reply to Defendants' opposition. Doc. 71. This matter is deem submitted pursuant to Local Rule 230(l).

## II. Motion for In Camera Review

Plaintiff moves for an in camera review of one of his inmate appeals. Doc. 59. Plaintiff does not submit the inmate appeal, so it appears to the Court that Plaintiff seeks discovery of his inmate appeal. A motion for in camera review is not the proper procedure to obtain a copy of an inmate appeal. Plaintiff's motion is DENIED.

//
//
//
//

### III. Motion to Extend Discovery Deadline

Plaintiff moves to extend the discovery deadline now that additional defendants have been identified and to "ascertain his position in this case." Docs. 61, 63. The undersigned has issued findings and recommendations to deny Plaintiff's motion to amend his complaint and to dismiss the Doe Defendants. Doc. 67. Given that resolution of the pending findings and recommendations may render any need for further discovery as unnecessary, Plaintiff's motion to extend the discovery deadline is DENIED, without prejudice.[1]

### IV. Plaintiff's Motion to Compel

Plaintiff moves to compel discovery responses from Defendants. Doc. 68. Defendants did not respond to the merits of Plaintiff's motion but simply argued that it was untimely. Doc. 70. However, Plaintiff contends that he has never received complete and supplemental responses to his original discovery requests from August 2011. Mot. Compel at 3-4, Doc. 68. Defendants did not respond to this argument. Thus, the Court has no record that Defendants supplemented their discovery responses after Plaintiff signed a release of his records.

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(A). Plaintiff's initial discovery requests in August 2011 were timely, and after Plaintiff signed a release of his records in February 2012, defense counsel was able, and had a duty, to supplement the discovery. As for Plaintiff's requests submitted February 28, 2012, these were sent after the deadline for discovery requests had passed.[2] The Court will not grant Plaintiff's motion to compel untimely discovery. Accordingly, Plaintiff's motion to compel discovery is GRANTED, in part, as to Plaintiff's original requests from August 2011.

---

[1] Should the District Judge decline to adopt the findings and recommendations, the Court will issue an amended scheduling order to enable Plaintiff to engage in further discovery.

[2] Pursuant to the scheduling order, discovery requests must be served at least forty-five (45) days prior to the discovery deadline. Doc. 36. Since the discovery deadline was April 2, 2012, Plaintiff had to serve Defendants with discovery requests by February 17, 2012.

**V. Plaintiff's Motion for Subpoenas of Non-Party Individuals**

Finally, Plaintiff moves for subpoenas from non-party individuals. Docs. 64, 66.

> [T]he court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. May 11, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. Aug. 2, 1991); *see also United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman*, 139 F.R.D. at 605. *Alexander v. California Dept. of Corrections*, 2010 WL 5114931 * 3 (E.D. Cal. Dec. 9, 2010).

*Lopez v. Schwarzenegger*, 2012 WL 78377, at *6 (E.D. Cal. Jan. 10, 2012). Plaintiff contends the Defendants have failed to respond to requests for discovery and do not have custody and control of the requested documents. Within this Order, the Court is directing Defendants to supplement their responses to Plaintiff's original discovery requests from August 2011, which would render it unnecessary to subpoena non-party individuals. Therefore, Plaintiff's motion for subpoenas of non-parties is DENIED.

//
//
//
//
//
//
//
//

## VI. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for in camera review is DENIED;
2. Plaintiff's motion to extend discovery deadline is DENIED, without prejudice;
3. Plaintiff's motion to compel is GRANTED, in part, as to Plaintiff's original requests from August 2011;
4. Defendants are DIRECTED to supplement their responses to Plaintiff's original discovery requests from August 2011; and
5. Plaintiff's motion for subpoenas of non-party individuals is DENIED.

IT IS SO ORDERED.

Dated:   June 8, 2012

UNITED STATES MAGISTRATE JUDGE