# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM,<br><br>    Plaintiff,<br><br>    v.<br><br>C. SIZELOVE, et al.,<br><br>    Defendants.<br>_____ / | CASE NO: 1:10-cv-00583-AWI-GBC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND DISMISSING DOE DEFENDANTS<br><br>Docs. 56, 58, 67 |

On April 5, 2010, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 22, 2010, the Court dismissed certain claims and found a cognizable claims against Defendants C. Sizelove and J. Heinzler and two Doe Defendants ("Defendants") for Eighth Amendment deliberate indifference to medical needs. Doc. 13. The Court dismissed, with prejudice, Plaintiff's claims of receiving a cold shower; First Amendment retaliation; and return of personal property. *Id.* On August 2, 2011, the Court issued a discovery and scheduling order, establishing a deadline of February 2, 2012 to amend pleadings, a discovery deadline of April 2, 2012, and a dispositive motion deadline of June 11, 2012. Doc. 36.

On February 6, 2012, Plaintiff filed a Motion for Extension of Time to Amend Pleadings. Doc. 56. On February 15, 2012, Plaintiff filed a Proposed First Amended Complaint. Doc. 58. On March 19, 2012, Defendants filed an Opposition to Plaintiff's motion to amend pleadings. Doc. 62. On March 30, 2012, Plaintiff filed a Reply to Defendants' opposition. Doc. 65. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1    On April 11, 2012, the Magistrate Judge issued Findings and Recommendations, recommending to deny Plaintiff's motion to amend complaint and to dismiss Doe Defendants. Doc. 67. On May 7, 2012, Plaintiff filed Objections. Doc. 69.

In Plaintiff's objections, he agrees with the dismissal of various claims and defendants, but he seeks to add retaliation claims against J. Wood and J. Heinzler. *Id.* at 2. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The Court already dismissed Plaintiff's claims of retaliation, with prejudice. Doc. 13. The court finds the law of the case doctrine requires the court to not give leave to amend a claim for which the court has already given leave to amend and then dismissed with prejudice. Delta Savings Bank v. United States, 265 F.3d 1017, 1027 (9th Cir. 2001).

Plaintiff seeks to add a claim regarding failure to deliver his legal mail. *Id.* First, it appears that this claim is not against the current Defendants. Second, Plaintiff states he is currently exhausting this claim, which would preclude filing this claim prior to exhaustion. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

Plaintiff seeks to add H. Sherwood as a defendant for deliberate indifference to medical need. Pl. Obj. at 4, Doc. 69. Plaintiff states that while Plaintiff was in the holding cage, Plaintiff asked Sherwood for a lower bunk due to his medical issues (seizures) and Sherwood told him, "we'll see, after what you just did, you ain't got [expletive] coming." *Id.* The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that

1  'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). Plaintiff's allegation of Sherwood's threat against him is insufficient to demonstrate deliberate indifference to medical need. Mere verbal harassment or abuse alone is not sufficient to state a claim under § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

It is well-established that the Court may deny leave to amend if amendment would be futile. *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011); *Serra v. Lapin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *Gardner v. Martino*, 563 F.3d 981, 990-92 (9th Cir. 2009); *Deveraturda v. Globe Aviation Security Services*, 454 F.3d 1043, 1046 (9th Cir. 2006); *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991). Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. *Nordyke*, 644 F.3d at 788 n.12 (*citing Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) and *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009)).

The Court finds that it would be futile to grant Plaintiff's motion to amend and add additional defendants, as his proposed amended complaint fails to state a claim against the new defendants.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Court adopts the Findings and Recommendations, filed on April 11, 2012, in full;

2.  Plaintiff's motion to amend his complaint is DENIED, as futile, for failure to state a claim against Doe Defendants and proposed new additional Defendants; and

3. Doe Defendants are DISMISSED from this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: August 3, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE