# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM, | CASE NO. 1:10-cv-00583-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | Doc. 79 |
| C. SIZELOVE, et al., | ORDER DENYING PLAINTIFF'S MOTIONS FOR DISTRICT JUDGE TO PRESIDE OVER ALL PROCEEDINGS, FOR RECUSAL OF DEFENSE COUNSEL, AND FOR SANCTIONS |
| Defendants. | |
| / | Doc. 84, 85, 86 |

## I. Procedural History

On April 5, 2010, Plaintiff Timothy Bertram ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On November 22, 2010, the Court dismissed certain claims and found a cognizable claim against Defendants C. Sizelove and J. Heinzler ("Defendants") for Eighth Amendment deliberate indifference to serious medical need. Doc. 13. On August 2, 2011, the Court issued a discovery and scheduling order, establishing a deadline of February 2, 2012 to amend pleadings, a discovery deadline of April 2, 2012, and a dispositive motion deadline of June 11, 2012. Doc. 36.

On July 19, 2012, Plaintiff filed a motion to compel / opposition to Defendants' motion for extension of time to file a reply[1] to Plaintiff's opposition to Defendants' motion for summary

---

[1] Although Plaintiff objects to Defendants' extension of time to file a reply to the motion for summary judgment, his objection is essentially moot as the Court permitted Plaintiff to file an amended opposition pursuant to *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). Doc. 82. As Plaintiff elected to file an amended opposition, Defendants filed an amended reply. Docs. 89, 90.

judgment. Doc. 79. On July 20, 2012, Defendants filed a response to Plaintiff's motion to compel / opposition to Defendants' motion for extension of time to file a reply to Plaintiff's opposition. Doc. 81. On July 30, 2012, Plaintiff filed a motion for the District Judge to preside over all proceedings and to recuse Defendants' counsel. Doc. 84. On July 30, 2012, Plaintiff filed two motions for sanctions. Docs. 85, 86. On August 30, 2012, Defendants filed a response to Plaintiff's motion for the District Judge to preside over all proceedings and to recuse Defendants' counsel and Plaintiff's two motions for sanctions. Doc. 95.

## II. Motion to Recuse Defense Counsel and Motion for Sanctions

Plaintiff moves to recuse defense counsel and for sanctions for the use of medical records subpoenaed from Plaintiff's medical file. Docs. 84, 85, 86.

In Plaintiff's complaint, he alleges that Defendants were deliberately indifferent to his medical condition in violation of the Eighth Amendment; that they failed to provide him a bottom bunk; that on July 14, 2009, Plaintiff had a seizure and fell from his top bunk; and that he suffered from head, neck, and shoulder injuries. Pl. Compl. at 5-8, Doc. 1.

On August 17, 2011, Plaintiff filed a motion to compel documents from Defendants and a motion to quash Defendants' subpoena of Plaintiff's medical records. Doc. 42. Defendants responded that they could not produce any documents to Plaintiff because he had refused to execute a release of his medical records and central file. Doc. 44.

On January 30, 2012, this Court found that Plaintiff's initiation of this lawsuit waived any claim of right to privacy with regard to medical records, as Plaintiff put his medical records at issue in this case. Doc. 55. *See Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 625-626 (S.D. Cal. 1999), *modified on other grounds*, 196 F.R.D. 562 (S.D. Cal.1999) (citing *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D. Mass. 1997)) (finding waiver of psychotherapist-patient privilege if communication between the two is put at issue by the patient, for example, where the case of action relies on advice or findings of the psychotherapist. Under this measure of fairness, waiver prevents the privilege from being used as both a sword and a shield). *Id.* at 229-30. *Woods v. Goord*, 2002 WL 731691, at *11 (S.D. N.Y. Apr. 23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against

prison officials.") (citing *Gill v. Gilder*, 1997 WL 419983, at *2 (S.D. N.Y. July 28, 1997)); *Ferrell v. Glen-Gery Brick*, 678 F. Supp. 111, 112-13 (E.D. Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy right is waived"); *Thomas v. Carrasco*, 2010 WL 4024930 at *3-4 (E.D. Cal. Oct. 13, 2010) (determining, in line with several other district courts, that the right of privacy of medical records is waived when the plaintiff's medical condition is "at issue"). Therefore, on January 30, 2012, this Court ordered Plaintiff to execute a release of his medical records. Doc. 55.

Plaintiff moves for sanctions, contending Defendants unlawfully obtained Plaintiff's medical records, including mental health records, and that defense counsel altered the records. Docs. 85, 86. In response to Plaintiff's accusation, defense counsel submitted a declaration to the Court. *See* Yokley Decl. at 9-11, Doc. 95. In counsel's declaration, she states that the medical documents used as exhibits in the motion for summary judgment were documents obtained in response to a subpoena for medical records. *Id.* at 9. Counsel did nothing illegal or unethical to obtain mental health records, and counsel was particularly careful to ensure there was no violation of current HIPPA laws. *Id.* Counsel did not alter any medical or mental health documents of the Plaintiff, and counsel is willing to turn over all of the documents received via subpoena. *Id.* at 10. Accordingly, Plaintiff's motion to recuse defense counsel for sanctions is DENIED.

### III. Motion to Compel

On April 23, 2012, Plaintiff filed a motion to compel, asking for documents he had requested prior to executing a release of his records. Doc. 68. On June 8, 2012, the Court granted Plaintiff's motion to compel, in part, as to Plaintiff's original requests from August 2011. Doc. 72. On July 5, 2012, Defendants supplemented their responses to Plaintiff's original requests from August 2011. *See* Pl. Mot. Compel, Defs. Supp. Resp. at 6-15, Doc. 79. On July 19, 2012, Plaintiff filed another motion to compel. Doc. 79. In Plaintiff's motion, he states that Defendant failed to fully respond to his requests for production of documents. Pl. Mot. Compel at 3, Doc. 79. In response to Plaintiff's motion to compel, defense counsel submitted a declaration stating that when the Court ordered supplemental responses, Defendants reviewed the subpoenaed documents that were ultimately produced by CDCR and provided supplemental responses and responsive documents. Defs. Resp.

at 6, Doc. 81. Defendants attempted to locate the log books from 2009, but there are no longer at the institution and may have been moved to a storage facility. *Id.* In regards to appeals documents, Defendants already responded in August of 2011 providing all appeals documents that were part of the appeal file at the Office of Appeals. *Id.* Defendants do not have any other appeals documentation. *Id.* Counsel's personal knowledge is that investigations of appeals are typically oral interviews of various inmates and staff members that are then summarized in an appeal response. *Id.*

This court cannot compel Defendants to produce documents that do not exist or are not in their possession or control. *See* Fed. R. Civ. P. 34(a)(1). See *also United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them).

Although Plaintiff seeks "log books" and "bed cards," Plaintiff does not demonstrate how such items are likely to lead to the discovery of admissible evidence. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). A court has the authority to limit discovery where the requests are burdensome or otherwise oppressive. Fed. R. Civ. P. 26(c); *Marrese v. Am. Academy of Orthopaedic Surgeons*, 706 F.2d 1488 (7th Cir. 1983); *Marshal v. Westinghouse Electric Corp.*, 576 F.2d 588 (5th Cir. 1978). "The district courts should not neglect their power to restrict discovery where justice required protection for a party or person form annoyance, embarrassment, oppression, or undue burden or expense." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Plaintiff's complaint alleges deliberate indifference of serious medical need.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and

wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

From this legal standard for Plaintiff's claim, it is unclear how "log books" and "bed cards" will demonstrate that the *named* Defendants were *deliberately indifferent* to a serious medical need. Although the "log books" and "bed cards" may conceivably establish that Plaintiff or Defendants were at the institution at a given period of time, they could not establish the elements of Plaintiff's complaint, i.e, *deliberate indifference*. Moreover, whether the named Defendants Sizelove and Heinzler were at the institution does not appear to be in dispute. *See, e.g.*, Pl. & Defs. UF, Docs. 73, 89. Thus, establishing Defendants were at the institution would merely be cumulative. Fed. R. Civ. P. 26(b)(2)(C). As to establishing whether any other officers / parties were at the institution, this would not be relevant or necessary at this juncture. Plaintiff argues that he would like to add / identify other parties / defendants, but the Court denied Plaintiff's motion to amend his complaint. Thus, ordering Defendants to produce "log books" and "bed cards" would be overly burdensome and not likely to lead to admissible evidence. Fed. R. Civ. P. 26. Accordingly, Plaintiff's motion to compel is DENIED.

### IV. **Motion for District Judge to Preside Over All Proceedings**

28 U.S.C. § 636 delineates the powers of federal magistrate judges. The referral order in the present case was made pursuant to section 636(b)(1). The statute authorizes a magistrate judge to

resolve any non-dispositive motions. Rule 72(a) explains that when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. Fed. R. Civ. P. 72(a). The parties then have 14 days to file any objections to the magistrate judge's order. Id. Subsequently, the District Judge conducts a *de novo* review of the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(C). Thus, the magistrate judge is authorized to decide non-dispositive motions under the United States Code, and the District Judge will conduct a *de novo* review of any dispositive motions. Plaintiff's motion for the District Judge to preside over all proceedings is DENIED.

## V. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

**1.**     Plaintiff's motion to recuse defense counsel for sanctions and is DENIED;

**2.**     Plaintiff's motion to compel is DENIED; and

**3.**     Plaintiff's motion for the District Judge to preside over all proceedings is DENIED.

IT IS SO ORDERED.

Dated:  October 22, 2012

UNITED STATES MAGISTRATE JUDGE