# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM,<br><br>　　Plaintiff,<br><br>　　v.<br><br>C. SIZELOVE, et al.,<br><br>　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00583-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 97<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History**

On February 10, 2012, Plaintiff Timothy Bertram ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims arising at California Correctional Institution Tehachapi, California ("CCI Tehachapi"). Compl. at 2, Doc. 1.[1] On November 22, 2010, the Court dismissed certain claims and found a cognizable claim against Defendants C. Sizelove and J. Heinzler ("Defendants") for Eighth Amendment deliberate indifference to serious medical need. Doc. 13. On September 28, 2012, Plaintiff filed a "motion for criminal prosecution." Doc. 97. The Court construes this as a motion for preliminary injunction.

//

//

---

[1] Plaintiff is now incarcerated at California Men's Colony, San Luis Obispo ("Men's Colony").

## II. Legal Standard for Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (emphasis added). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

The pendency of this action does not give the Court jurisdiction over prison officials in general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969. Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Id.*

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

### III. Analysis

This case is proceeding against Defendants for allegations of Eighth Amendment deliberate indifference to serious medical need arising from Plaintiff's incarceration at CCI Tehachapi. Compl. at 2, Doc. 1. In Plaintiff's motion for preliminary injunction, he states that Defendant Sizelove retaliated against Plaintiff; that Defendant Sizelove is a member of the "Green Wall" gang; and that he should be criminally prosecuted. Mot. Prelim. Inj. at 1, 4, Doc. 97. Plaintiff is now housed at the Men's Colony. *Id.* at 1. The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. Plaintiff's claims of deliberate indifference are what is at issue in this action, and the Court has no jurisdiction to issue any orders for claims not pending in this case. Moreover, Plaintiff is not under any threat of suffering an actual and imminent 'injury in fact' as he is no longer housed at CCI Tehachapi. Therefore, Plaintiff lacks standing in this action to obtain the relief sought.[2] *Summers*, 555 U.S. at 493; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992); *Mayfield*, 599 F.3d at 969.

### IV. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion, construed as a motion for preliminary injunction, filed September 28, 2012, should be DENIED.

//
//
//
//
//
//

---

[2] To the extent that plaintiff may be attempting to assert a criminal claim against defendants, his claim fails as a matter of law. The civil rights statutes do not provide for a private right of action to enforce criminal statutes. "Section 1983 ... creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). A § 1983 action is a civil action brought under the Civil Rights Act. As a rule, civil actions may be started by individuals, but criminal actions may only be started by the state and not by individuals. Indeed, with limited exceptions, none of which applies to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Therefore, Plaintiff is unable to bring a criminal action under § 1983 against Defendants.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 22, 2012

UNITED STATES MAGISTRATE JUDGE