1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TIMOTHY BERTRAM, | Case No. 1:10-cv-00583 AWI DLB PC |
| 12           Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Document 117) |
| 13      v. | |
| 14  C. SIZELOVE, et al., | ORDER LIFTING STAY OF DEFENDANTS' MOTION FOR SUMMURY JUDGMENT |
| 15           Defendants. | |

16

17          Plaintiff Timothy Bertram ("Plaintiff") is a California state prisoner proceeding pro se and in

18 forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against

19 Defendants Sizelove and Heinzler for violation of the Eighth Amendment.

20          Defendants filed a Motion for Summary Judgment on June 11, 2012.  Although Findings and

21 Recommendations were issued to deny the motion, the Court, in the interests of justice, vacated the

22 findings.  The Court also granted Plaintiff's request to stay the Motion for Summary Judgment on

23 April 22, 2013, and permitted him time to file motions to challenge prior discovery rulings pursuant

24 to Federal Rule of Civil Procedure 60(b)(6).

25          On July 12, 2013, Plaintiff filed a "Request for the Magistrate Judge" to reconsider various

26 discovery orders.  Defendants opposed the motion on July 26, 2013.  Plaintiff filed an untimely reply

27 on August 29, 2013.  Pursuant to Local Rule 230(l), the motion is deemed submitted.

28

1

1    **A.    LEGAL STANDARD**

2        This Court granted Plaintiff leave to file a motion pursuant to Federal Rule of Civil

3    60(b)(6), which permits the Court to grant relief from an order for "any other reason that justifies

4    relief."  Although Plaintiff styled his motion as one for reconsideration by the Magistrate Judge,

5    the Court will not treat it as such.  This makes Defendants' arguments related to Local Rule 303(b)

6    irrelevant.  Moreover, Plaintiff was granted leave to file the instant motion by this Court, making it

7    filed within a "reasonable time."  Fed. R. Civ. P. 60(c)(1).

8        Motions to reconsider are committed to the discretion of the court.  Combs v. Nick Garin

9    Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

10   (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce

11   the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

12   F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th

13   Cir. 1987).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as

14   being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791

15   F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).

16       Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

17   and is to be utilized only where extraordinary circumstances ..." exist.  Harvest v. Castro, 531 F.3d

18   737, 749 (9th Cir.2008) (internal quotations marks and citation omitted).

19       Local Rule 230(j) also requires, in relevant part, that Plaintiff show "what new or different

20   facts or circumstances are claimed to exist which did not exist or were not shown upon such prior

21   motion, or what other grounds exist for the motion," and "why the facts or circumstances were not

22   shown at the time of the prior motion."

23   **B.    DISCUSSION**

24       1.    *Motions for Subpoenas*

25       On March 21, 2012, Plaintiff filed a letter with the Court indicating that he needed to

26   subpoena five people, who were not parties to this action, to obtain documents.  He requested five

27   subpoenas, with instructions.  On March 30, 2012, Plaintiff filed another request for subpoenas, this

28   time requesting three subpoenas for non-parties.

1      It appears that Plaintiff only seeks reconsideration of the Court's June 8, 2012, denial insofar

2  as it relates to Sergeant Mazuka.  In that regard, the Court denied the request, explaining that

3  simultaneously, the Court was ordering Defendants to provide supplemental responses to Plaintiff's

4  August 2011 discovery request.  Plaintiff's August 2011 discovery included a request for the

5  documents compiled by Sergeant Mazuka.  Accordingly, the Court denied the request to issue a

6  subpoena to Sergeant Mazuka, a non-party, because supplemental responses could render the

7  subpoena unnecessary.

8      In seeking reconsideration, Plaintiff contends that the Court's order was erroneous because

9  Defendants had already told Plaintiff, in September 2011, that they were not in possession of the

10  requested documents.  However, as the Court explained in its June 2012 order, Defendants had a

11  duty to supplement their answers in February 2012, after Plaintiff signed a release of his medical

12  records.  The June 2012 order therefore ordered Defendants to provide these supplemental

13  responses.  This means that Defendants were ordered to provide further responses *after* their

14  September 2011 responses, and it was therefore possible that Defendants would produce the

15  documents at issue.  If Defendants could produce the documents at issue, the issuance of a non-party

16  subpoena would have been improper.

17      Plaintiff suggests that the prior Magistrate Judge was prejudiced against him.  However,

18  contrary to Plaintiff's beliefs, the Magistrate Judge cited the correct law and provided a correct legal

19  analysis.  In any event, *at the time of the June 2012 order*, the Magistrate Judge was correct in

20  finding that Defendants' supplemental responses may provide the very document(s) that Plaintiff

21  was attempting to subpoena from a non-party.  In such a case, a subpoena should not issue.

22      Indeed, as Defendants point out, Plaintiff had the ability to move to compel production of the

23  document, through a subpoena or otherwise, after Defendants supplemented their response and again

24  indicated that the document was not in their possession.[1]  That Plaintiff failed to do so in no way

25  presents grounds under Rule 60(b)(6) to modify the order.

26

27

28

---

[1] The discovery cut-off was April 2, 2012.  However, a motion to compel and/or a request for subpoena related to discovery that was the subject of a prior court order would not have been precluded by the cut-off deadline.

1    2.    *Request for Sanctions*

2    On July 30, 2012, Plaintiff filed two motions requesting that the Court issue sanctions against

3    Defendants' counsel, Kelly Yokley, for improperly obtaining Plaintiff's mental health records.  The

4    Court denied the requests on October 22, 2012, explaining that there was no evidence that counsel

5    did anything illegal or unethical to obtain Plaintiff's mental health records.  Instead, the records were

6    obtained in response to a proper subpoena for medical records and counsel took care to ensure that

7    there was no violation of current privacy laws.

8    In his Motion for Reconsideration, Plaintiff simply states that "this Court needs to review my

9    motion and then review Judge Cohn's decision."  Mot. 5.  Plaintiff contends that the Court

10    improperly relied on counsel's properly executed declaration.

11    Plaintiff has not presented the Court with *any* argument as to why the October 12, 2012,

12    order should be vacated.  Rule 60(b)(6) does not provide for a general, de novo review of a prior

13    order, and Plaintiff has fallen far short of meeting his burden under 60(b)(6).

14    3.    *Requests for Extension of Discovery Deadline*

15    On March 14 and 21, 2012, Plaintiff moved to extend the April 2, 2012, discovery deadline

16    to permit discovery on the previously named Doe Defendants.  In the Court's June 8, 2012, denial of

17    his request, the Court explained that Findings and Recommendations were pending to deny

18    Plaintiff's request to amend and dismiss the Doe Defendants.  The Court therefore denied Plaintiff's

19    request, without prejudice, since the adoption of the Findings and Recommendations would make

20    such discovery unnecessary.  In a footnote, the Court explained that if the District Court Judge

21    declined to adopt the Findings and Recommendations, the Court would issue an amended discovery

22    order permitting Plaintiff to engage in further discovery.[2]

23    In seeking reconsideration, Plaintiff incorrectly argues that the Magistrate Judge denied his

24    request without explanation.  He also appears to suggest that the Magistrate Judge was prejudicial

25    because he "turn[ed] around and grant[ed] the Defendants' request for more time 34 days later."

26    Mot. 6.  Plaintiff is misinformed if he believes that the granting of one parties' request makes the

27    denial of the other parties' request improper.  Moreover, Defendants requested additional time to

28

---

[2] The Findings and Recommendations were ultimately adopted on August 3, 2012.

1  respond to Plaintiff's opposition to their Motion for Summary Judgment.  Their request had nothing

2  to do with discovery.

3  **C.**      **CONCLUSION**

4        Plaintiff has failed to present this Court with sufficient reasons to vacate any prior motions

5  pursuant to Rule 60(b)(6).  Accordingly, his Motion for Reconsideration is DENIED.

6        The stay of Defendants' Motion for Summary Judgment, issued on April 22, 2013, is

7  LIFTED.

8

9

10  IT IS SO ORDERED.

11  Dated:   August 30, 2013                                    _____

                                                    SENIOR  DISTRICT  JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5